IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                                     CIV 00-571 MV/KBM
                                                                                                               CR 99-602 MV

ABELARDO TORRES-AGUIRRE,

    Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Abelardo Torres-Aguirre's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person in Federal Custody. *Doc. 1.* The issues are straightforward and the briefs submitted by both parties are well-written, researched, and documented. Because it is possible to resolve the issues on the pleadings, I find that an evidentiary hearing is not necessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *petition for cert. filed 5/10/00; United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988) (pre-AEDPA); Rule 8(a) *Rules Governing Habeas Corpus Under Section 2255.* Having considered the arguments, pleadings, and relevant law, and for the reasons set forth in the United States' response, I find the motion is not well-taken and recommend that it be denied.

      In 1998, Movant was deported from the United States after pleading guilty to a cocaine possession charge under NMSA § 30-21-23(D) (fourth-degree felony) and receiving a suspended 18 month sentence of imprisonment. In 1999, he was again arrested in the United States by the Clovis Police Department on state charges, which led to an evaluation of his immigration status.

Based on the earlier drug possession conviction, Movant was charged in federal court with re-entry after commission of "an aggravated felony" pursuant to 8 U.S.C. § 1326(b)(2). He pleaded guilty to the re-entry charge, which carries a base offense level of 8 under the Federal Sentencing Guidelines. *See Plea; PSR, ¶ 4.*

When an aggravated felony conviction predates a re-entry charge, however, the base level is enhanced by 16 levels. *See PSR, ¶ 5.* Movant was entitled to receive certain reductions to the adjusted 24 base level: 2 levels for acceptance of responsibility and 1 level for cooperation. Pursuant to FED. R. CRIM. P. 11(e)(1)(C), however, the United States and Movant stipulated that the sentencing offense level of 17 should apply.[1] He was sentenced to 37 months, the high end of the applicable guideline range. Without the 11(e)(1)(C) stipulation, the applicable range would have been 46 to 57 months. *See PSR, ¶ 46.*

Movant contends that simple possession does not qualify for treatment as an "aggravated offense," that his counsel was ineffective for failing to discover or raise the issue, and that it was plain error to give him the sentence he received as a result. In response, the United States argues that all of these claims are procedurally defaulted and without merit.

Rule 11(e)(1)(C) sentences generally are not appealable under 18 U.S.C. § 3742(c)(1). *E.g., United Sates v. Sanchez,* 146 F.3d 796 (10th Cir. 1998). Moreover, paragraph 10 of the plea agreement contains a waiver of direct appeal rights. Regardless of whether the claims are analyzed under a "cause and prejudice" procedural default standard or on the merits, however, they do not afford a basis for relief.

---

[1] If the sentencing judge had rejected the "binding"stipulated offense level of 17, Defendant's sole remedy would have been to withdraw his guilty plea and proceed to trial.

Harsh as the result may seem to Movant, simple possession has long qualified as an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43). *See e.g., United States v. Lugo,* 170 F.3d 996, 1006 (10th Cir. 1999); *United States v. Valenzuela- Escalante,* 130 F.3d 944, 946-47 (10th Cir. 1997); *United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 & n. 2. (10th Cir. 1996). Accordingly, Movant's sentence was properly calculated, and he received a sentence within the applicable guideline range. Movant's counsel cannot be deemed ineffective for failure to raise a meritless issue.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** the motion be denied and that this action be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE